# BETTENDORF *v.* McKEEN.

PATENTS; INTERFERENCE; CONCEPTION; REDUCTION TO PRACTICE; DILI-
GENCE; PRIORITY.

1. The senior applicant in interference, who first conceived the invention
   in issue and diligently reduced the same to practice, will be awarded
   priority, though his date of reduction to practice is later than that of
   the junior party.
2. No lack of diligence which will postpone a party in interference who
   first conceived the invention, to another party who subsequently
   entered the field but first reduced to practice, will be held to exist,
   where materials ordered by the former for his invention before the
   other entered the field were delayed in delivery, and the invention
   was completed and tested as soon as such delivery would permit.

Patent Appeal No. 890.    Submitted January 16, 1914.    Decided March
2, 1914.

HEARING on an appeal from a decision of the Commissioner
of Patents in an interference proceeding.          *Affirmed.*

The facts are stated in the opinion.

*Mr. Frank D. Thomason* and *Mr. Charles C. Bulkley* for
the appellant.

*Mr. William W. Dodge* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an interference proceeding involving an invention re-
lating to an underframe for railway cars of steel construction.
Quotation of the counts of the issue is unnecessary for the de-
termination of the single question of fact.

Appellant, Joseph W. Bettendorf, alleged conception of the
invention in March, 1906, and reduction to practice on Novem-

ber 24, 1906. He filed his application in the Patent Office March 13, 1907. It is conceded by appellant that appellee, William R. McKeen, Jr., conceived and disclosed his invention in June, 1905, and reduced it to practice on December 19, 1906. Appellee filed his application January 17, 1907.

Difference of opinion existed in the Patent Office as to appellant's actual reduction of the invention in issue to practice. Decision of this somewhat involved question can be avoided, since appellee concededly was the first to conceive the invention, and, we think, was not lacking in diligence in reducing it to practice.

The inventors started out to accomplish different results,— appellant to invent a steel car underframe, and appellee to invent a light-weight steel box car. It appears that appellee placed an order for the materials for the construction of his car as early as January or February, 1906. It was shown by several witnesses that there was delay in procuring the materials, as parts of it were not kept in stock and had to be specially manufactured. Because of this delay, the actual construction of the car was not begun until July, 1906. Appellee had the structure in issue—the underframe of his car—completed in September. As late as October he was still endeavoring to secure from the manufacturers delayed materials for portions of the superstructure of the car. In fact, he was compelled to substitute other materials for some of the parts ordered. The car was completed in December, and subjected to a most severe test. It was shortly thereafter numbered, initialed, and put into service.

Thus it appears that appellee was endeavoring to secure materials for the construction of the car when appellant entered the field, and that he pushed the car to completion at as early a date as was possible under the circumstances. We agree with all the tribunals below that, in no view of the evidence, can appellee be charged with lack of diligence.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required. *Affirmed.*